This case was tried on appeal from a justice of the peace. Plaintiff introduced an itemized statement of account, duly verified, for a lot of jewelry alleged to have been sold and delivered to the defendant, price $125, and rested. The defendant testified that he had never ordered any goods from the plaintiff; that some goods of the description set out in the plaintiff's verified account came, but he did not know from whom, and when he did find out, he notified the plaintiff that they were held subject to its order; that he had not sold any of the goods nor authorized them to be sold, nor have any been sold, so far as he knows; that a day or two before he was served with warrant, *Page 409 
he received a letter from the plaintiff to ship the goods back, and he tendered them to the plaintiff's attorney, who refused to receive them; that the goods were shipped to him without authority and were received by some clerk and placed in the store without his knowledge.
The verified itemized account is made prima facie evidence. Revisal, 1625. But the evidence of the defendant above stated (503) was competent in rebuttal, and should have been submitted to the jury. It was error to direct the jury, if they believed the evidence, to render a verdict for the plaintiff. If the defendant's evidence was believed, he rebutted the prima facie case shown by the verified account.
We learn that his Honor was impressed by the fact that the goods were in the possession of the defendant from May, 1908, to December, 1910. But the explanation of the defendant, if believed, is that he was not aware that the goods were in his store for some time, and that the first intimation he had was the receipt of a dun for the amount, and that he thereupon notified the plaintiff that he held the goods subject to its order. It was not incumbent upon him to send the goods back till he received the instruction of plaintiff in reply, and if it is true, as the defendant testified, that he did not order the goods and had not authorized any to be sold, and that he notified plaintiff that he held them subject to his order, whatever inference might be drawn from his long possession of the goods was a matter of fact for the jury, and not one of law for the court.
It is true that the justice in his return sets out that in the trial before him the defendant admitted that his clerk had the right to purchase goods, but he added that the defendant "denied this account." So the issue was raised. There was no evidence that any clerk ordered the goods. The verified account being only prima facie evidence, in instructing the jury to return a verdict for the plaintiff, there was
Error.